**In re WARREN–EHRET–LINCK COMPANY, Debtor.**

**WARREN–EHRET–LINCK COMPANY, Plaintiff,**

v.

**Robert HONTZ, Elwood Schmoyer, Al Fixl, James Hackler and Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 773, Defendants.**

**Bankruptcy No. 84–01173G.
Adv. No. 85–0748G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 16, 1985.

Paul J. Winterhalter, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., Counsel for the plaintiff/debtor, Warren-Ehret-Linck Co.

William T. Josem, Philadelphia, Pa., for defendants.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The question posed in the controversy before the bench is whether, in light of the provisions of the Norris-LaGuardia Act, we should issue a preliminary injunction to enjoin certain actions by picketing employees of a debtor who has filed for relief under chapter 11 of the Bankruptcy Code ("the Code"). For the reasons stated below we conclude that we have no jurisdiction.

The facts of this dispute are as follows:[1] In 1984, the debtor filed a petition for reorganization under chapter 11 of the Code, and since the filing of said petition, it has continued to conduct business. The individual defendants, who are members of the Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 773 ("the Union") which is also a defendant, had previously been working for the debtor under a collective bargaining agreement which had expired on July 31, 1985. In consequence of this expiration, the employee-defendants have gone on strike and have commenced picketing the debtor's place of business. The pickets, ranging in number from two to ten at various times, have principally congregated at the two entrances to the debtor's facility. At these entrances they have physically blocked the admission of potential customers, informing these intended customers of the strike and urging them to purchase their goods elsewhere. These interruptions last an average of two minutes each but, in certain instances, some have lasted from "ten to fifteen minutes." Those customers still wishing to enter the debtor's facility after being stopped have been allowed admission. Although the striking employees have shouted obscenities and cajoled other employees to cease working, the defendants have caused no damage to life or property.

On one occasion, the manager of the debtor was followed by one striker while the manager was making deliveries to various customers. The striker picketed at each of the eleven delivery cites, some of which were the residences of the recipients of the delivered merchandise.

The manager testified that an unidentified man stopped him in the course of his employment and "threatened to bash in [his] head." No evidence linked this man to the striking teamsters and there was likewise no evidence that this conduct was ratified by the defendants.

Due to the picketing the debtor has lost significant sales. If these losses are extrapolated, the debtor expects to be out of business in "a week to ten days."

Our legal analysis of these acts commences with the Norris-LaGuardia Act, 29 U.S.C. §§ 101 to 115, which was passed by

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

Congress in 1932. This act prohibits any court of the United States from issuing "any restraining orders or temporary or permanent injunctions in a case involving or growing out of a labor dispute, except in a strict conformity with the provision" of the act. 29 U.S.C. § 101. Likewise prohibited are the issuance of such injunctions in contravention of the public policy expressed in the Norris-LaGuardia Act. *Id.* Under 11 U.S.C. § 104 a United States Court may not enjoin numerous, enumerated actions arising from a labor dispute including:

(e) Giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other means not involving fraud or violence;

(f) Assembling peaceably to act or to organize to act in promotion of their interests in a labor dispute;

\* \* \* \* \* \*

(i) Advising, urging, or otherwise causing or inducing without fraud or violence the acts heretofore specified, regardless of any such undertaking or promise as is described in section 103 of this title [on "yellow dog" contracts].

\* \* \* \* \* \*

29 U.S.C. § 104(e), (f) and (i). Put simply, Congress has withheld from the United States Courts the jurisdiction to enjoin peaceful picketing.

A United States Court may, in certain instances, issue an injunction in a labor dispute within the constraints of 29 U.S.C. § 107. *See, e.g., Boys Markets, Inc. v. Retail Clerks Union Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). This provision states in part as follows:

§ 107. Issuance of injunctions in labor disputes; hearing; findings of court; notice to affected persons; temporary restraining order; undertakings.

No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hear-

ing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect—

(a) That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;

(b) That substantial and irreparable injury to complainant's property will follow;

(c) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;

(d) That complainant has no adequate remedy at law; and

(e) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection.

\* \* \* \* \* \*

29 U.S.C. § 107 (in part). To us, the focus of this dispute in § 107(a), which bars the issuance of an injunction unless unlawful acts have been threatened and will be committed or unless unlawful acts have been undertaken and will continue. *Id.* Furthermore, an injunction may be issued only against the person or entity uttering a threat or committing an unlawful act or against a person or entity which ratifies such conduct.

■ The filing of a petition under the Code does little, if anything, to alter the broad mandate of the Norris-LaGuardia Act. The automatic stay, which arises on the filing of a petition under the Code and generally bars debt collection efforts

against the debtor or his estate, is subject to the provisions of the Norris-LaGuardia Act. *Crowe & Assoc., Inc. v. Bricklayers and Masons Union Local No. 2 of Detroit, Mich.,* 713 F.2d 211 (6th Cir.1983); *Petrusch v. Teamsters Local 317, Syracuse, N.Y.,* 667 F.2d 297 (2d Cir.1981). Under neither the automatic stay nor any other provision of the Code have the parties advanced any basis for the proposition that the filing of a petition under the Code expands or diminishes the scope of the Norris-LaGuardia Act, and none is apparent to us.

Applying this law to the case before us it appears that the defendants have merely been engaged in lawful picketing. As we have heretofore stated, under the Norris-LaGuardia Act a United States Court may not enjoin such conduct. Although testimony was introduced that an unidentified man threatened to "bash in [the] head" of one of the debtor's employees, no credible evidence linked the man uttering this threat to the Union or the other defendants. Under § 107(a) we cannot assume guilt by association and hence we cannot use this threat as a basis for issuing on injunction against the defendants named in this action.

On the basis of the facts presented at trial and in the face of the Norris-LaGuardia Act, we conclude that we have no jurisdiction to issue an injunction against the defendants. Since the debtor's complaint seeks only injunctive relief which we have no jurisdiction to grant, we will enter an order denying the debtor all relief on its complaint.